**SPO**
Vaughn A. Crawford
Nevada Bar No. 7665
Jay J. Schuttert
Nevada Bar No. 8656
Morgan T. Petrelli
Nevada Bar No. 13221
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: vcrawford@swlaw.com
Email: jschuttert@swlaw.com
Email: mpetrelli@swlaw.com

Attorneys for Defendant
FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARILYN ELLEN PRALL,<br><br>Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY and ROE COMPONENT PART MANUFACTURER,<br><br>Defendants. | CASE NO.: 2:14-cv-01313-MMD-GWF<br><br>**STIPULATED PROTECTIVE ORDER** |

In order to preserve and maintain the confidentiality of certain confidential, commercial and/or proprietary documents and information produced or to be produced by FORD MOTOR COMPANY ("Ford") in this action, it is ordered that:

1.  Documents to be produced by Ford in this litigation that contain confidential, commercially sensitive and/or proprietary information shall hereafter be referred to as "Protected Documents." A document or portion of a document that Ford determines in good faith to be a Protected Document may be designated as confidential by marking or placing the applicable notice "Subject to Protective Order," "Confidential," or substantially similar language on media containing Protected Documents, on the document itself, or on a copy of the document, in such a

way that it does not obscure the text or other content of the document.

2. As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).

3. Any document or any information designated as "Subject to Protective Order," "Confidential," or substantially similar language in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order. However, nothing in this Order shall limit a party's use or disclosure of his or her own information designated as Confidential Material.

4. If a party disagrees with the "Protected" designation of any document, the party will so notify Ford in a written letter, within 30 days of receipt of the confidential documents and information, identifying the challenged document(s) with specificity, including Bates-number(s) where available. If the parties are unable to resolve the issue of confidentiality regarding the challenged document(s), Ford will thereafter timely apply to this Court to set a hearing for the purpose of establishing that the challenged document(s) is/are confidential. Any document so marked as "Protected" will continue to be treated as such pending determination by the Court as to its confidential status.

5. Protected Documents and any copies thereof received pursuant to paragraph 6 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the limitations set forth herein.

6. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. Counsel of Record for the parties, and the parties;

    b. Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and/or trial of this action;

    c. Experts and non-attorney consultants retained by the parties for the

preparation and/or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford;

    d.    The Court, the Court's staff, witnesses, and the jury in this case; and

    e.    Attorneys representing Plaintiff and the experts and non-attorney consultants retained by such attorneys in other cases pending against Ford involving a 2003 Ford Taurus and the same allegations asserted in this case, provided no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford.

    7.    Plaintiff's Counsel must make reasonable efforts to ensure the individuals described in paragraphs 6(c) and 6(e) above are Qualified Persons.

    8.    Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(c) and 6(e) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for Plaintiff shall retain each such executed Written Assurance and shall keep a list identifying (a) all persons described in paragraphs 6(c) and 6(e) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each such executed Written Assurance and list shall be submitted to counsel for Ford at the termination of this litigation or upon Order of the Court requiring production, whichever comes first. However, for consulting experts who were not designated as testifying experts, Plaintiff's counsel may redact the name, address, and signature of the consultant before disclosing the executed Exhibit A and document list for that person. To the extent the "Qualified Persons" described in paragraph 6(c) or 6(e) above include privileged non-testifying expert consultants, Counsel for Plaintiff shall retain each such executed Exhibit A and shall keep a list identifying (a) all such non-testifying expert consultants described in paragraphs 6(c) and 6(e) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. In the event that Ford seeks to compel the production of each unredacted and executed Exhibit A for good cause, Counsel for Plaintiff shall submit each unredacted and executed Exhibit A and list to the Court for in camera inspection. Persons described in paragraph 6(b) shall be covered under the signature of Counsel of Record.

9. As the Protected Documents may only be distributed to Qualified Persons, Plaintiff's Counsel, and all persons described in paragraph 6 above, may not post Protected Documents on any website or internet accessible document repository and shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained Ford's Protected Documents and Confidential information.

10. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with, referring to or referencing the Protected Documents or information.

11. In conjunction with filing any documents with the Court that contain any portion of any Protected Document or information taken from any Protected Document, the filing party must file a motion for an order sealing the documents consistent with the Ninth Circuit opinions of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) and *Pintos v. Pacific Creditors Association*, 605 F.3d 665, 678 (9th Cir. 2010) and consistent with Local Rule 10-5(b). A copy of the motion to seal must be served on all parties, who have appeared in the case. When filing the motion, the filing party will cite to the Court the grounds for filing any Protected Document under seal. The parties agree that any motion will be narrow in scope to ensure that the only information withheld from public inspection is information expressly authorized by law. Whenever possible, disputes regarding confidentiality designations should be resolved before any Protected Document or any document containing or referencing it is filed with the Court. For any item of any Protected Document which a designation dispute has not been resolved, that item and any document containing or referencing it will be filed under seal (at least provisionally), pursuant to local court practice or in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Subject To Protective Order," and a statement substantially in the following form: "This

- 4 -

envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container."

12. Any attorney wishing to file or submit to the Court any Protected Document, or any affidavits, memoranda, exhibits or other papers containing or making reference to Protected Document, then such attorney shall first consider whether redacting portions of such materials that contain or refer to confidential information is practical and will protect the Protected Document while leaving other non-confidential information meaningful, as required by *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003). If so, redacted versions of such materials shall be filed with the Court according to the standard filing procedures.

13. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

14. Counsel for the parties shall not be required to return the Protected Documents to Ford after the conclusion of this case and may retain the documents pursuant to the terms of this Order.

15. To the extent Ford is requested to produce documents it feels should not be subject to the sharing provisions of this protective order, Ford does not waive and specifically reserves its right to subsequently request that the parties enter into a non-sharing protective order prior to the production of any such documents.

16. Inadvertent or unintentional production of documents or information containing confidential information which should have been designated as Protected Document(s) shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

17. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall

not be affected thereby.

18. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

19. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Respectfully submitted this 11th day of March, 2015.

SNELL & WILMER L.L.P.

By: _____
Vaughn A. Crawford, NV Bar No. 7665
Jay J. Schuttert, NV Bar No. 8656
Morgan T. Petrelli, NV Bar No. 13221
3883 Howard Hughes Pkwy., Ste. 1100
Las Vegas, NV 89169
Attorneys for Ford Motor Company

RICHARD HARRIS LAW FIRM

By: _____
Seth R. Little, NV Bar No. 10664
801 South Fourth Street
Las Vegas, NV 89101
Attorney for Plaintiff

**ORDER**

IT IS SO ORDERED this __13th__ day of March, 2015.

_____
U.S. MAGISTRATE JUDGE